## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

Case No.

FELICIA FOULKS,

     Plaintiff,

v.

FAMILY DOLLAR STORES OF
FLORIDA, LLC.

     Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, Family Dollar Stores of Florida, LLC, ("Family Dollar"), by and through its undersigned counsel, hereby removes all further proceedings from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division. The basis for removal is as follows:

## I.      THE PARTIES

1. Plaintiff, Felicia Foulks ("Foulks"), is an individual residing in Broward County, Florida, and is therefore a citizen of the State of Florida. *See* Complaint. ¶ 2.

2. Defendant Family Dollar is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Virginia and is therefore deemed to be a citizen of the Commonwealth of Virginia. *See* attached 2019 Foreign Profit Corporation Annual Report attached as **Exhibit "A";** *see also* Complaint attached hereto in accordance with 28 U.S.C. § 1446(a) as **Composite Exhibit "B,"** ¶ 3.

## II.     THE STATE COURT ACTION

3.   On July 2, 2020, Foulks filed a Complaint ("Complaint") against Family Dollar styled *Felicia Foulks v. Family Dollar Stores of Florida, LLC,* bearing case number CACE-20-010839, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida ("State Court Action").

4.   The Complaint alleges a single count of negligence related to an alleged injury suffered by Foulks while visiting Family Dollar. Foulks seeks damages in excess of or in an amount of $1,000,000.   *See* Composite Ex. B, ¶ 1, Civil Cover Sheet in State Court.

5.   Family Dollar was served with process on July 10, 2020. *See* Notice of Service of Process attached hereto as **Exhibit "C."** This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service of the Complaint on Family Dollar.

6.   Venue is proper in the Southern District of Florida, Ft. Lauderdale Division, under 28 U.S.C. § 1441(a) because the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, is within the Southern District of Florida, Ft. Lauderdale Division, and because the events giving rise to this cause of action are alleged to have occurred in Broward County, Florida. *See* Ex. B. Complaint ¶ 4.

## III.     FEDERAL DIVERSITY JURISDICTION EXISTS

7.   This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and Family Dollar may remove the State-Court Action pursuant to 28 U.S.C. § 1441 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *See* Ex. B, ¶ 1

8.  Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) because less than thirty (30) days have passed since Family Dollar was served with the Complaint.

**A.    Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

9.  Plaintiff has pled that she is a resident of Broward County, Florida. *See* Complaint ¶ 2. Therefore, Foulks is a citizen of Florida.

10. Family Dollar is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in Virginia, and is therefore deemed to be a citizen of the Commonwealth of Virginia. *See,* Exhibit "A," pg. 1.

11. Because Plaintiff is a citizen of Florida, and Family Dollar is a citizen of the State of Virginia, complete diversity of citizenship exists between the parties and the Complaint is removable under 28 U.S.C. §§ 1332(a)(1), 1441 and 1446.

**B.    The Jurisdictional Amount in Controversy Required for Removal is Satisfied**

12. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

12. The Complaint does not allege a specific amount of damages; however, Plaintiff's counsel sent a pre-suit demand whereby Plaintiff's comprehensive breakdown of damages was $139,462.71.[1]

13. The amount of damages includes current medical bills in an amount of $139,462.71, as the amount in controversy.  Even if the Court only considers the current medical bills, for purposes of establishing whether the jurisdictional amount is met, the Court will find that

---

[1] "The Court ….must review the amount in controversy at the time of removal to determine whether Plaintiff's claim meets this jurisdictional prerequisite." *Pease v. Medtronic Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998).

the jurisdictional amount for removal is exceeded. The amount of the current bills is $139,462.71 which exceeds the required amount of $75,000.00 under 28 U.S.C. § 1332(a). Attached hereto as **Exhibit "D"** is an affidavit from the undersigned relating to the review of the medical bills. The affidavit of defendant's counsel may be considered by this Court. *Katz v. J.C. Penny Corp, Inc.*, 2009 WL 1532129 (S.D. Fla. June 1, 2009). A defendant opposing remand may provide evidentiary support of its assertion of the jurisdiction amount in both the notice of removal and response to plaintiff's motion to remand. *Id*. citing *Lazo v. U.S. Airways*, 2008 WL 3926430 (S.D. Fla. August 21, 2008). This evidentiary support may be in the form of an affidavit. *Id.* Consideration is proper especially where the information contained in the Affidavit is from the Plaintiffs' pre-suit demand package. *Id.*

14.     Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332(a) has been met, and the Complaint is removable pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

## IV. NOTICE OF REMOVAL

15. This Notice of Removal has been emailed and mailed contemporaneously to Plaintiff's attorney, and a Notice of Removal has been filed with the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, pursuant to 28 U.S.C. § 1446(d).

## V. ATTACHMENTS TO NOTICE OF REMOVAL

16. Attached to this Notice of Removal are the following documents:

**Exhibit "A":** Division of Corporations records for Family Dollar Stores of Florida, LLC.

**Exhibit "B":** Plaintiff's Complaint, Summons and Civil Cover Sheet

**Exhibit "C":** Notice of Service of Process

**Exhibit "D":** Affidavit from Defense Counsel

## VI. CONCLUSION

17. By this notice and attachments, Family Dollar does not waive any defenses or objections it may have in this action. Likewise, Family Dollar intends no admissions of fact, law or liability by this notice, and reserves all defenses, motions and pleas. At this time, Family Dollar requests only that this action be removed to this Court, that all further proceedings in state court be stayed, and that Family Dollar obtain all additional relief to which it is entitled.

WHEREFORE, Defendant, Family Dollar Stores of Florida, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the 17th Judicial Circuit in and for Broward County, to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of July 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record or pro se parties identified in the matter specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

**ALMAZAN LAW**
*Counsel for Family Dollar*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Tel:            (305) 665-6681
Fax:            (305) 665-6684
Service:       eFile@almazanlaw.com

By: /s/Johanna Castellon-Vega

**ALEXANDER P ALMAZAN**
Florida Bar No.: 159166
Aalmazan@almazanlaw.com
**JOHANNA CASTELLON-VEGA**
Florida Bar No.: 58345
jvega@almazanlaw.com
**DANIEL A. ESPINOSA**
Florida Bar No.: 81686
despinosa@almazanlaw.com